GIACHINO QUAGLIANA v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY.

Argued June 3, 1908—Decided November 9, 1908.

1. The first reason relied upon in this case for a new trial is that the verdict was against the weight of the evidence, and was not sustained in point of fact.
2. A new trial will not be granted on account of surprise in the absence of a witness, where reasonable diligence was not used by the applicant to procure his attendance, and where his absence was not due to the improper conduct of the prevailing party.

----

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Vredenburgh, Wall & Carey.*

For the defendant, *Leonard J. Tynan* and *Howard Mac-Sherry.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought by the plaintiff to recover compensation for injuries to his foot alleged to have been caused by reason of his being thrown from and run over by a trolley car of the defendant company as he was attempting to board the car.

The trial at the Essex Circuit resulted in a verdict for the defendant.

The plaintiff was allowed this rule to show cause why the verdict should not be set aside.

The first contention of the plaintiff is that the verdict was contrary to the weight of the evidence.

There is no merit in this contention.

The story of the plaintiff, that the car had come to a standstill, and, as he was in the act of boarding it, the car suddenly started forward, is corroborated by only one witness.   On the other hand, the contention of the defendant company is that the car in question was bound south towards Hoboken, and on approaching a junction it stopped twenty-five or thirty feet north of the same in compliance with the rule requiring cars to stop before crossing intersecting tracks; that this stop was only momentary; that the car started up again, and then a large crowd of Italians and others, of whom the plaintiff was one, who were standing on the south side of the junction, rushed towards the car, and that the plaintiff, who was among them, in attempting to board the moving car when it was partly across the intersecting tracks, in some way fell, and either his foot was injured by the car-wheel or caught in some part of the intersecting tracks, and was so injured that it became necessary to amputate it.   This account of the accident, as given by the defendant company, is corroborated by several witnesses.   The verdict was therefore not contrary to the weight of the evidence.

The next contention of the plaintiff is that one Bagley, a material witness for the plaintiff, was influenced by the defendant to absent himself from the trial and that his absence justifies this court in granting a new trial.

Misconduct of the prevailing party or his attorney, in inducing a witness to absent himself from the trial, is ground for a new trial. *Carey* v. *King, 5 Ga.* 75; *Barron* v. *Jackson, 40 N. H.* 365; *Crafts* v. *Union Mutual Fire Insurance Co., 36 Id.* 44.

But the misconduct must be clearly established. *Marsh* v. *Monckton,* 1 *Tryw. & G.* 34.

The affidavits in this case, taken in pursuance of the rule, do not disclose misconduct upon the part of the defendant or its attorney. It appears that both sides desired to use Bagley as a witness. He was subpœnaed by the defendant, but not by the plaintiff. When he appeared at the office of the attorney of the defendant at about ten o'clock in the morning of the day of trial he was intoxicated, and because of his condition was informed that he was not needed that day, but was requested to be in court the next morning. The plaintiff voluntarily moved his case notwithstanding the absence of the witness. The action upon the part of the defendant's attorney in excusing the witness was, we think, in good faith and evinces no misconduct on his part. The controlling reason why the plaintiff did not have the benefit of Bagley's testimony was that he had neglected to subpœna him. A new trial will not be granted because of the absence of a witness due to the negligence of the applicant. *Sherrard* v. *Olden,* 1 *Halst.* 344; 29 *Cyc.* 872.

Let the rule to show cause be discharged, with costs.